[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
Defendant-appellant Michael Lee Ronnebaum appeals his convictions for trafficking cocaine and possession of cocaine in violation of R.C. 2925.03(A) and R.C. 2925.11(A). Pursuant toAnders v. California,[1] Ronnebaum's appointed appellate counsel has advised this court that, after a thorough review of the record, he can find nothing that would arguably support Ronnebaum's appeal.[2] Appellate counsel has filed an affidavit stating that he has advised Ronnebaum that he has not found any prejudicial errors, and he asks us to review the record independently. Further, appellate counsel has filed a motion to withdraw as counsel pursuant to Anders.
After reviewing the entire record,[3] we hold that it is devoid of error and that there are no grounds to support a meritorious appeal. The judgment of the trial court is, therefore, affirmed, and appellate counsel's motion to withdraw is overruled.
Although we conclude that this appeal is frivolous under App.R. 23 and has no "reasonable cause" under R.C. 2505.35, we refrain from taxing costs and expenses against Ronnebaum because he is indigent.
Therefore, the judgment of the trial court is affirmed.
 ______________________________ GORMAN, PRESIDING JUDGE
 SUNDERMANN and WINKLER, JJ.
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396.
[2] We note that in Smith v. Robbins, (2000), ___ U.S. ___,120 S.Ct. 746, the United States Supreme Court held that the Anders
procedure is only one method that states may use to satisfy the constitutional requirements for indigent criminal appeals; however, as of this writing, the Anders procedure is still followed in Ohio. See State v. Lachner (Feb. 25, 2000), Sandusky App. No. S-98-049, unreported.
[3] See Anders, supra; Freels v. Hills (C.A.6, 1988),843 F.2d 958.